UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICK EATON, | No. 09-17907 |
| Plaintiff - Appellee, | D.C. No. 2:07-cv-00315-FCD-KJM |
| v. | |
| MARK J SIEMENS; CARLOS A. URRUTIA; CITY OF ROCKLIN, | Eastern District of California, Sacramento |
| Defendants - Appellants. | ORDER |

Before: REINHARDT, HAWKINS, and GOULD, Circuit Judges.

Judges Reinhardt and Gould have voted to deny the petition for rehearing en banc, and Judge Hawkins has so recommended. The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35. The petition for rehearing en banc is denied.

The memorandum disposition in the above-captioned matter filed on May 4, 2011, and available at 2011 WL 1666830, is amended as follows:

At page 3, between lines 8 and 9, insert the following additional paragraph: <Siemens and Urrutia argue, for the first time in a Rule 28(j) letter, that the district court's denial of summary judgment is contrary to authority from other circuits

that, they say, bars equal protection claims by public employees suing for retaliation. This argument is waived, so we need not consider it. *See Pawlyk v. Wood*, 248 F.3d 815, 822 n.5 (9th Cir. 2001) ("[R]ais[ing] [an] issue before argument by submitting a supplemental citation, pursuant to Federal Rule of Appellate Procedure 28(j), . . . is too late; the issue is waived."). But we note that the cases on which they rely provide only that a public employee's equal protection claim must arise from discrimination based on membership in a group, and that a bare act of retaliation, without the element of class-based discrimination, will not give rise to a viable equal protection claim. *E.g, Bernheim v. Litt*, 79 F.3d 318, 323 (2d Cir. 1996); *Gray v. Lacke*, 885 F.2d 399, 414 (7th Cir. 1989). Here, denial of summary judgment is not contrary to the cited cases because Eaton alleges discrimination based on group membership.>

No future petitions for rehearing or rehearing en banc will be entertained.

**IT IS SO ORDERED.**

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 12 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICK EATON,<br><br>         Plaintiff - Appellee,<br><br>   v.<br><br>MARK J. SIEMENS; CARLOS A. URRUTIA; CITY OF ROCKLIN,<br><br>         Defendants - Appellants. | No. 09-17907<br><br>D.C. No.<br>2:07-cv-00315-FCD-KJM<br><br>AMENDED<br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Senior District Judge, Presiding

Argued and Submitted April 14, 2011
Pasadena, California

Before: REINHARDT, HAWKINS, and GOULD, Circuit Judges.

Rick Eaton, a former Rocklin Police Department sergeant, was subjected to discipline and termination because, he alleges, he was part of a group of employees that was uncooperative with, or declined to join, prevalent misconduct in the department. Eaton sued Mark Siemens, the police chief, Carlos Urrutia, the city

---

   [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

manager, and the City of Rocklin, pursuant to 42 U.S.C. § 1983, alleging

deprivation of equal protection, among other things. Siemens and Urrutia sought

summary judgment on the ground of qualified immunity, and the City sought

summary judgment on the ground that Eaton lacked evidence to establish liability

under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). The district

court denied the motions. *Eaton v. Siemens*, No. 07-315, 2009 WL 4929262, at

*2–7 (E.D. Cal. Dec. 14, 2009). Defendants appeal pursuant to our jurisdiction

under 28 U.S.C. § 1291, as interpreted by *Mitchell v. Forsyth*, 472 U.S. 511, 527

(1985). We affirm.

Siemens and Urrutia argue that they are entitled to qualified immunity.

First, they contend that Eaton's allegations do not establish an actionable

constitutional violation because, they say, the class of employees that Eaton claims

was subjected to discrimination—dubbed "non-team players" by the district

court—is not a "discrete and objectively identifiable" group. But *Engquist v.*

*Oregon Department of Agriculture*, 553 U.S. 591 (2008), on which Siemens and

Urrutia rely, does not provide that only discrimination against discrete and

objectively identifiable groups can give rise to a public employee's equal

protection claim. Rather, *Engquist* holds that public employees cannot assert

"class of one" equal protection claims against their employers. *See id*. at 607

2

("[T]he class-of-one theory of equal protection has no application in the public employment context—*and that is all we decide . . . .*" (emphasis added)). The class of employees allegedly singled out for punishment because they were perceived as being uncooperative with department misconduct do not lack an equal protection remedy merely because their circumstances vary. *Cf. Navarro v. Block*, 72 F.3d 712, 717 (9th Cir. 1996) (holding that for equal protection purposes, victims of domestic violence are a cognizable class, discrimination against which is subjected to rational basis review, notwithstanding variability within the class).

Siemens and Urrutia argue, for the first time in a Rule 28(j) letter, that the district court's denial of summary judgment is contrary to authority from other circuits that, they say, bars equal protection claims by public employees suing for retaliation. This argument is waived, so we need not consider it. *See Pawlyk v. Wood*, 248 F.3d 815, 822 n.5 (9th Cir. 2001) ("[R]ais[ing] [an] issue before argument by submitting a supplemental citation, pursuant to Federal Rule of Appellate Procedure 28(j), . . . is too late; the issue is waived."). But we note that the cases on which they rely provide only that a public employee's equal protection claim must arise from discrimination based on membership in a group, and that a bare act of retaliation, without the element of class-based discrimination, will not give rise to a viable equal protection claim. *E.g*, *Bernheim v. Litt*, 79 F.3d 318, 323

3

(2d Cir. 1996); *Gray v. Lacke*, 885 F.2d 399, 414 (7th Cir. 1989). Here, denial of summary judgment is not contrary to the cited cases because Eaton alleges discrimination based on group membership.

Second, Siemens and Urrutia argue that the law does not clearly establish that their alleged misconduct violates equal protection. But reasonable officials would surely know that they are acting unlawfully by subjecting employees perceived as being uncooperative with department misconduct to discriminatory discipline and termination.[1] *See Elliot-Park v. Manglona*, 592 F.3d 1003, 1008–09 (9th Cir. 2010) ("'The constitutional right to be free from such invidious discrimination is so well established and so essential to the preservation of our constitutional order that all public officials must be charged with knowledge of it.'" (quoting *Flores v. Pierce*, 617 F.2d 1386, 1392 (9th Cir. 1980))). Further, the novel arguments of Siemens and Urrutia that are based on *Engquist*, which does not govern this case, do not render the controlling law unclear or in flux. *See Groh v. Ramirez*, 540 U.S. 551, 565 (2004) ("Absent any support for such an exception in our cases, he cannot reasonably have relied on an expectation that we would [create one].").

---

[1] For purposes of this analysis, we assume the truth of Eaton's allegations. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

4

We take no position on the merits of Eaton's claims. Our jurisdiction over this interlocutory appeal is limited to the "purely legal issue[s]" of whether Eaton's allegations make out an equal protection claim and what law is clearly established. *Ortiz v. Jordan*, 131 S. Ct. 884, 891 (2011) (internal quotation omitted). We do not review the district court's determination that Eaton's evidence of his individual capacity claims against Siemens and Urrutia and of his *Monell* claim against the City is sufficient to raise genuine issues of material fact, for we consider those issues to be beyond our present jurisdiction.[2]

**AFFIRMED.**

---

[2] "[W]here the district judge identifies disputes of fact or makes inferences from the record, we do not have jurisdiction to evaluate those determinations by making an independent review of the record." *Collins v. Jordan*, 110 F.3d 1363, 1372 n.7 (9th Cir. 1997). Although we may exercise pendent jurisdiction over such issues when they are "inextricably intertwined" with the qualified immunity issues presented for interlocutory appeal, *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 51 (1995), we conclude that the fact issues here are not inextricably intertwined with the legal issues on qualified immunity that we resolve.